**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL PERVOE,
CDCR# C-59138,

                                    Plaintiff,

          vs.

JEFF MACOMBER, WILLIAM
HOLLOWAY, DANIELLE
CONCEPCION-RESENTREN, PEREZ,
DAVID J. CLAYTON, ESEGUERRA,
CDCR,

                                    Defendants.

Case No.: 3:26-cv-1360-JES-SBC

**ORDER: (1) DISMISSING CIVIL
ACTION AS DUPLICATIVE AND
FRIVOLOUS PURSUANT TO 28
U.S.C. § 1915A(b)(1)**

**[ECF No. 2]**

Plaintiff Michael Pervoe ("Plaintiff"), currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding *pro se*, has filed this civil rights Complaint. ECF No. 1. Because Plaintiff raised the same claims against the largely the same Defendants in a prior civil rights action that is still pending in S.D. Cal. Civil Case No. 3:25-cv-2271-CAB-MP, the Court dismisses this case as duplicative and frivolous.

## I.      SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

1

terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he previously filed and is currently litigating in this Court. *See Pervoe v. Macomber, et al..*, S.D. Cal. Civil Case No. 3:25-cv-2271-CAB-MMP *("Pervoe I")*. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Pervoe I*, Plaintiff claimed in his original complaint that he suffers from incontinence and ulcerative colitis for which he was granted single-cell accommodations while he was previously incarcerated in Stockton. When Plaintiff arrived at RJD, however, he alleged that Defendants Macomber, Perez, Clayton and Esguerra discontinued his single cell accommodation and cleared him for a double cell assignment. *See Pervoe I*, ECF No. 1 at 3–6. When Plaintiff refused to accept a cellmate on August 25, 2025, Plaintiff was charged with a disciplinary infraction and placed in Administration Segregation. *See id.* Plaintiff alleged in his original complaint that Defendants violated his rights under the

3:26-cv-1360-JES-SBC

Americans with Disabilities Act, the Rehabilitation Act, the Eighth Amendment and the Fourteenth Amendment. *See id.* On September 25, 2025, the Court dismissed the case because Plaintiff failed to pay the filing fee or properly move to proceed in forma pauperis ("IFP"). *Pervoe I*, ECF No. 4. On November 21, 2026, Plaintiff filed an IFP motion in *Pervoe I*, ECF No. 5, and on December 5, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint. *Pervoe I,* ECF No. 7. In his Motion for Leave to Amend, Plaintiff stated he wished to add additional defendants to his suit, including Holloway. *Id.* at 1, 3. On March 18, 2026, the Court in *Pervoe I* granted Plaintiff's IFP motion and granted him leave to file an amended pleading that is complete in itself no later than April 30, 2026.

On March 2, 2026, while the motion to amend his pleading in *Pervoe I* was pending, Plaintiff initiated the instant civil action, *Pervoe v. Macomber, et al.*, S.D. Cal. Civil Case No. 3:26-cv-1360-JES-SBC ("*Pervoe II*"). In *Pervoe II*, Plaintiff also alleges he suffers from ulcerative colitis which requires he be provided single cell accommodations. *Pervoe II*, ECF No. 1 at 3–6. He alleges Defendants have violated his rights under the Americans with Disabilities Act, the Rehabilitation Act and Eighth Amendment by failing to provide him with a single cell accommodation and have "continually" tried to force him into double cell housing. *Id*. at 4–6.

As pleaded, the Court finds Plaintiff's claims in the instant case, *Pervoe II*, are duplicative of the claims alleged in *Pervoe I*. The two cases contain similar allegations, allege the same causes of action arising from the failure to provide Plaintiff with a single cell classification, and are filed by the same Plaintiff against largely the same defendants. *Compare Pervoe I*, Case No. 3:25-cv-2271-CAB-MMP, ECF Nos. 1, 19, *with Pervoe II*, Case No. 3:26-cv-1360-JES-SBC, ECF No. 1. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Thus, the Court finds the instant action duplicative of *Pervoe v. Macomber, et al.*, S.D. Cal. Civil Case No. 3:25-cv-2271-CAB-MMP. As such, dismissal of this duplicative and subsequently filed

civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). The Court notes that in *Pervoe I*, on March 18, 2026, the Court granted Plaintiff leave to file an amended complaint which "include[s] the Case No. 3:25-cv-2271-CAB-MMP, name[s] all the Defendants he wishes to hold liable and re-allege[s] the factual basis for each discrete cause of action he seeks to pursue. . . by April 30, 2026." *Pervoe* I, ECF No. 9 at 6–7. Thus, to the extent Plaintiff wishes to proceed with his claims, he may do so as directed by the Court in *Pervoe I*, 3:25-cv-2271-CAB-MMP, ECF No. 9.

Accordingly, because the Court finds this case, *Pervoe II*, Case No. 3:26-cv-1360-JES-SBC to be duplicative of *Pervoe I*, it is dismissed as frivolous. *See* 28 U.S.C. § 1915A(b)(1); *see also Cato*, 70 F.3d at 1105 n.2.

## II.    CONCLUSION AND ORDER

Good cause appearing, the Court:

(1)    **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

(2)    **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

(3)    **DIRECTS** the Clerk of the Court to enter a judgment of dismissal in S.D. Cal. Civil Case No. 3:26-cv-1360-JES-SBC and to close the file.

**IT IS SO ORDERED**.

Dated: March 24, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

4

3:26-cv-1360-JES-SBC